UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 06-10004-02-RGS

SENG TAN

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

April 4, 2013

STEARNS, D.J.

The petition will be denied. Seng Tan was convicted by a jury of mail-fraud, money-laundering, and conspiracy stemming from her involvement in a pyramid scheme that swindled more than twenty million dollars from gullible Cambodians, many of whom were recent arrivals to the United States. She now moves to vacate her convictions pursuant to section 2255 on the ground that she received constitutionally ineffective assistance of counsel. Her petition, however, consists of only one sentence: "Seng Tan, acting pro se, hereby moves this court for an order to vacate judgment on the above reference[d] docket, due to fraudulent conduct and corrupt misrepresentation of defense counsel." Given their nearly simultaneous filings, Tan's ineffective assistance claim appears to be premised on the same contentions that her husband and co-defendant James Bunchan made in his Rule 60 motion. In his motion, Bunchan

alleged that his attorney, Robert George, misappropriated money and jewelry from Bunchan and Tan and then intentionally mounted an inadequate defense to insure that Bunchan would be convicted and thereby prevented from recovering his stolen assets. Tan is presumably advancing similar claims against her appointed attorney, James Dilday (currently suspended from the practice of law because of misconduct in an unrelated manner). As is relevant to the petition here, section 2255 provides post-conviction relief where a petitioner's sentence was imposed as a result of a violation of the U.S. Constitution. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). Although Tan did not argue ineffective assistance of counsel in her direct appeal, her claim is not barred here. *See Massaro v. United States*, 538 U.S. 500, 504 ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). Typically, a petitioner bringing an ineffective assistance of counsel claim must show that: (1) her counsel's performance fell below an objective standard of reasonableness and (2) but for these unprofessional errors, there is a reasonably probability that the result of her trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Tan is alleging that Dilday provided ineffective assistance of counsel because he labored under a conflict of interest—namely, the facilitation of the cover-up of his misappropriation of assets from Bunchan and Tan. Under *Cuyler v. Sullivan*,

446 U.S. 335 (1980), to prevail on a claim of ineffective assistance of counsel, a defendant who "raised no objection at trial must demonstrate that an actual conflict of interest adversely affected [her] lawyer's performance." *Id.* at 348. The showing of an actual conflict resulting in an adverse effect is imperative: "The possibility of conflict is insufficient to impugn a criminal conviction." *Id.* at 350. To make out an adverse effect, a defendant must identify an alternative defense strategy that might plausibly have been pursued but for the attorney's divided interests or loyalties, *United States v. Ramirez-Benitez*, 292 F.3d 22, 30 (1st Cir. 2002). If a defendant makes the requisite showing, "prejudice will be presumed and the defendant need not demonstrate [as would be the case under *Strickland*] a reasonable probability that, but for the attorney's conflict of interest, the trial's outcome would have been different." *Rubin v. Gee*, 292 F.3d 396, 401-402 (4th Cir. 2002); *see United States v. Segarra-Rivera*, 473 F.3d 381, 385 n.2 (1st Cir. 2007) (distinguishing claims in which counsel is alleged to have performed incompetently, which require a showing of prejudice, from claims in which a defendant succeeds in showing that counsel labored under an "actual conflict of interest," which may trigger relief without regard to proof of prejudice). But Tan cannot make any of these showings. As an initial (and conclusive) matter, she has offered no evidence that Dilday engaged in misconduct related to her case. But even assuming that she had, she has offered nothing to suggest that the alleged

misappropriation affected the quality of Dilday's representation. As the government states in its opposition, the record shows that Dilday "was fully prepared, competently examined the witnesses the government presented, competently steered the lengthy direct examination of Tan herself, and objected aggressively when Tan was cross-examined."

## ORDER

Because Tan has not offered any evidence of misconduct by Dilday or identified any adverse effect of such misconduct on his representation, her section 2255 petition must be <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE